IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PERRY CHARLES FINOCHIARO                                              PLAINTIFF

v.                          Civil No. 13-2213

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Perry Finochiaro, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The Plaintiff filed his applications for DIB and SSI on May 27, 2011, and April 6, 2012, respectively, alleging an onset date of June 6, 2010,[2] due to back and knee pain, chronic obstructive pulmonary disease ("COPD"), high blood pressure, and anxiety. Tr. 11, 21, 115-117, 176-177.  His claims were denied both initially and upon reconsideration. Tr. 63-64.  An

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]We note, however, that the Plaintiff's prior clam for DIB was denied at the initial level in October 2010.  Tr. 128, 140, 368.

administrative hearing was then held on April 10, 2012. Tr. 26-62. Plaintiff was both present and represented by counsel.

At the time of the administrative hearing, Plaintiff was 48 years old and possessed an eleventh grade education. Tr. 30. He had past relevant work ("PRW") as a security guard, carpenter, and mechanic. Tr. 20, 150, 168-175.

On August 15, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's hypertension; minimal osteoarthritis/degenerative disk disease of the cervical, thoracic, and lumbar spine; mild scoliosis of the thoracic spine; hepatitis C; and, COPD did not meet or equal any Appendix 1 listing. Tr. 13-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work involving occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 15. He also found that the Plaintiff must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards including driving. With the assistance of a vocational expert, the ALJ concluded that the Plaintiff could return to his PRW as a security guard. Tr. 20.

The Appeals Council denied Plaintiff's request for review on August 20, 2013. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 6. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 16, 17.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find

it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

    **A.**     **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

In the present case, the record makes clear that the Plaintiff suffers with some degree of impairment to his cervical, thoracic, and lumbar spine that has been treated via Hydrocodone and Soma. Substantial evidence does not, however, support the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

On June 16, 2011, Plaintiff's treating chiropractor, Dr. Joe Balkman indicated that he had treated the Plaintiff for severe lower back and leg pain on four occasions between November 9, 2009, and February 17, 2011. Tr. 299. The results of a physical examination raised suspicions

AO72A (Rev. 8/82)

of a lumbar disc herniation at the L4-5 and L5-S1 levels with related lumbar radiculitis, so Dr. Balkman recommended an MRI for confirmation. However, financial hardship prohibited the Plaintiff from obtaining an MRI. Dr. Balkman opined that the Plaintiff should avoid lifting and carrying heavy objects. Further, he stated that long periods of standing and walking would increase his back and leg pain. Tr. 294.

On June 31, 2011, Plaintiff's treating physician of four years, Dr. Robert Sanders, completed a medical source statement wherein he diagnosed the Plaintiff with hypertension, back pain, pneumothorax, COPD, hepatitis C, and anxiety. Tr. 287-288. Due to these impairments, Dr. Sanders opined that the Plaintiff would need unscheduled breaks, a sit/stand/walk option at will, and to elevate his feet periodically throughout the day. Further, he concluded that the Plaintiff should have no exposure to unprotected heights, dust, fumes, gases, or marked temperature changes. Dr. Sanders stated that the Plaintiff could not stand or sit in one position for more than 30 minutes at a time.

On December 20, 2011, Dr. Balkman wrote a letter indicating that the Plaintiff had recently presented with a sudden and severe exacerbation of lower back pain. Tr. 391. X-rays of his lumbar spine revealed evidence of advanced degenerative disc disease at the L1-2 level with osteophyte formation at the same levels. Dr. Balkman stated that the present episode of back pain was almost identical to previous episodes, suggesting that the frequency and severity of the Plaintiff's condition might be worsening. He then opined that the Plaintiff should avoid lifting more than 20 pounds and the performance of activities involving repetitive bending and twisting.

5

X-rays conducted in April 2012 revealed mild scoliosis and mild hypertrophic degenerative changes to the thoracic spine; degenerative disk changes at the C5-6 level with cervical straightening; and, minimal anterior osteophyte formation at the L1-2, L2-3, and L3-4 levels.  Tr. 417-419, 421-423.

On May 3, 2012, Plaintiff underwent a general physical exam with Dr. Clifford Evans.  Tr. 404-409.  This examination revealed a decreased range of motion in the lumbar spine and pain in the lower back and knees with leg raising.  Dr. Evans diagnosed the Plaintiff with degenerative arthritis of the lumbosacral spine, degenerative disk disease of the lumbosacral spine, and bilateral sacroiliitis.  Due to the Plaintiff's COPD and reports of shortness of breath with exertion, he recommended that pulmonary function studies be performed to determine the Plaintiff's physical abilities.  He did not, however, offer an opinion as to the Plaintiff's limitations.

Pulmonary function tests ("PFT's") were conducted on May 4, 2012, but the report does not contain an interpretation by the respiratory therapist.  Tr. 411-414.  The only fact known with certainty is that there was some improvement in lung function following the administration of a bronchodialtor.

Two RFC assessments from non-examining sources are also contained in the record.  In September and October 2011, Drs. Dan Gardner and Bill Payne, respectively, reviewed only the Plaintiff's medical records and rendered opinions that the Plaintiff could perform a full range of medium work.  Tr. 310-317, 372-379.  *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

The ALJ concluded that Dr. Sanders' assessment was against the great weight of the evidence and in conflict with his treatment notes as they contained little to no documented physical findings. Without mention of the standing and walking limitations imposed by Dr. Balkman, the ALJ also concluded that Dr. Balkman's assessment supported a finding that the Plaintiff could perform light work. However, light work requires the ability to stand and walk "for a total of six hours out of an eight-hour work day." *See* Social Security Ruling 83–10.

While we do agree that Dr. Sanders documented few physical findings and often noted that the Plaintiff's back pain was stabilized with medication, he also consistently diagnosed the Plaintiff with chronic back pain and prescribed Soma and Hydrocodone.[3] These medications are controlled substances used to treat moderate to moderately severe musculoskeletal pain. *See* PHYSICIANS' DESK REFERENCE ("PDR"), *Soma*, http://www.pdrhealth.com/drugs/soma (Last accessed January 30, 2015); *see also* PDR, *Lortab*, http://www.pdrhealth.com/drugs/lortab (Last accessed January 30, 2015). And, we find it reasonable to believe that standing and walking for long periods of time could exacerbate the Plaintiff's back pain, making it impossible for him to complete an 8-hour workday.

We also acknowledge that Dr. Balkman is a chiropractor, and as such does not qualify as an acceptable medical source. 20 C.F.R. §§ 404.1513(a), 416.913(a) (2007) (acceptable medical sources include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists). This does not, however, render his opinion weightless. Information from "other sources," such as chiropractors, counselors, and  may provide insight into the severity of the impairment and how it affects the individual's ability to function. Social Security

---

[3]Hydrocodone is generic for Lortab and Lorcet.

Regulation 06-3p. Given the fact that both Drs. Sanders and Balkman agreed the Plaintiff would have limitations with regard to standing and walking for long periods of time, we believe the ALJ should have incorporated these limitations into the RFC.

Accordingly, it is the opinion of the undersigned that the ALJ's RFC determination is not supported by substantial evidence. Remand is necessary to allow for further consideration of the Plaintiff's RFC. On remand, it is recommended that the ALJ obtain an interpretation of the Plaintiff's PFT results so that an informed determination can be made concerning the combined affect Plaintiff's COPD and back pain has on his ability to perform work-related activities.

Further, the ALJ's conclusion that the Plaintiff could return to his PRW as a security guard, which the vocational expert categorized as light work, also requires remand. And, the ALJ is directed to perform a thorough step five analysis.

## V.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of February, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE